IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS GREGORY ERTMER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-209 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 16th day of March, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

1

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to sufficiently develop the administrative record, specifically by failing to obtain additional counseling and psychiatric records. The Court finds that the ALJ fulfilled his duty to develop the record and that substantial evidence supports his finding that Plaintiff is not disabled.

Plaintiff argues that the record is incomplete because the ALJ failed to obtain treatment records from Paoletta Counseling Services, despite knowing that such records were outstanding. He asserts that the ALJ was aware that the record was incomplete because: (1) counsel informed him at the administrative hearing on January 15, 2021, that he had requested but not yet received the records from Paoletta (R. 50); (2) Plaintiff testified at the hearing that he was treating at Paoletta twice a month with "Ed" and that Dr. McFadden was prescribing his medication (R. 74-75); and (3) the record included a treatment plan from Paoletta dated July 15, 2021, that suggests the existence of and need for additional records. (R. 480-83). Plaintiff contends that by rendering a decision without these documents from Paoletta, the ALJ made his decision without a complete record. However, even assuming the relevance of this purported material, the Court finds that the ALJ's actions in this case fulfilled his duty to obtain these or any other records.

Plaintiff is correct, of course, that an ALJ has a duty to develop a full and fair record in a social security case. *See Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995); *Carmichael v. Barnhart*, 104 Fed. Appx. 803, 805 (3d Cir. 2004); 20 C.F.R. § 416.912(b)(1). It does, however, remain Plaintiff's burden to supply evidence in support of his claim. *See Ventura*, 55 F.3d at 902; *Money v. Barnhart*, 91 Fed. Appx. 210, 215 (3d Cir. 2004) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)); *Hess v. Sec. of Health, Educ., and Welfare*, 497 F.2d 837, 840 (3d Cir. 1974). Here, Plaintiff's counsel did indicate to the ALJ at the hearing on January 15, 2021, that he had requested records from Paoletta Counseling Services but that he had not yet received them. (R. 50). In response, the ALJ advised counsel to continue to try to obtain the records and to let him know if it becomes a problem. (R. 50-51). At the end of the hearing, the ALJ held the record open for Plaintiff to submit additional records, including records from Paoletta, and for a consultative examination to be performed. (R. 10, 82). On January 29, 2021, counsel for Plaintiff submitted additional records from Sharon Regional Medical Center, but not from Paoletta, which were docketed and made part of the administrative record. (R. 285, 485-511). After receiving the report from Plaintiff's consultative examination on June 7, 2021, the ALJ provided Plaintiff 10 days to respond or submit additional records or to request a supplemental hearing. The ALJ informed Plaintiff that he could request the ALJ to issue a subpoena for additional witnesses or records. He further advised that if he did not receive anything within 10 days, he would assume that Plaintiff had nothing more to submit. (R. 286-87). The record does not reflect any response to this letter by Plaintiff or his counsel. It was not until July 8, 2021, that the ALJ finally issued his decision. (R. 19). Nothing in the record demonstrates that Plaintiff ever submitted records from Paoletta, informed the ALJ of any further difficulty in obtaining the records, or sought the ALJ's assistance in seeking the records.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:         Counsel of record

---

Under these circumstances, the Court finds that the ALJ more than did his part to fully and fairly develop the record. He offered assistance in obtaining the very records at issue which was never accepted. He provided more than ample time for Plaintiff to obtain the records and never received any follow-up request for help or a statement that the records were still unavailable. There was no reason for him to believe that he needed to take any further action to finalize the record. Plaintiff's contention that his own testimony and the Paoletta treatment plan necessarily demonstrate that additional records were outstanding does not change this. The treatment plan provides no information about any specific treatment sessions and does not refer to any other records. While Plaintiff did testify to ongoing treatment with someone at Paoletta named Ed, this does not establish the existence of additional treatment records, and, in fact, is inconsistent with his statement to consultative examiner Gina Lombardi, M.A., on May 25, 2021, that his then-current treatment was just medication through the psychiatrist with no therapy. (R. 512). None of this suggests that records necessarily exist, and indeed, the Court still has no evidence that these records do exist, let alone what they say. In any event, as discussed, Plaintiff both failed to obtain and failed to seek the assistance of the ALJ to obtain these supposedly missing records. In short, the ALJ did his part in developing the record. The record may or may not have been missing records from Paoletta, but in any event, it contained ample evidence on which the ALJ could base his decision.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.